### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**JUNJIE NI,**

      **Petitioner,**

**v.**                                              **2:26-cv-00679-DHU-LF**

**MARISSA FLORES, ICE Director of New
Mexico Field Office; KRISTI NOEM, DHS
Secretary; PAMELA BONDI, U.S. Attorney
General; DAREN MARGOLIN, EOIR
Director; and DORA CASTRO, Warden
of Otero County Processing Center,**

      **Respondents.**

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Petitioner Junjie Ni's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons below, the Petition is **GRANTED.**

### I.      FACTUAL BACKGROUND

Petitioner, a citizen of China, entered the United States without inspection on or about January 25, 2024, and was detained by Customs and Border Protection (CBP) agents for two days. Doc. 1 at ¶ 15. On January 27, 2025, Petitioner was served with a Notice to Appear, placed in removal proceedings, and released on his own recognizance due to humanitarian reasons. *Id.* at ¶ 16. Following Petitioner's release, he moved to and lived in Brooklyn, New York, until he was detained by Immigration and Customs Enforcement (ICE) at a routine check-in on December 1, 2025. *Id.* at ¶¶ 17, 19. Petitioner is currently detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at ¶ 1.

On March 6, 2026, Petitioner filed the instant Petition, asking this Court to:

(1) Assume jurisdiction over this matter;

(2) Issue a writ of habeas corpus requiring that Respondents release Petitioner or provide him with a bond hearing within fourteen (14) days;

(3) Award Petitioner his attorneys' fees and costs; and

(4) Grant any other and further relief that this Court deems just and proper.

*Id.* at 14.

On March 20, 2026, Respondents responded to the Petition, asserting that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, CIV. A. No. 25-1076, 2026 U.S. Dist. LEXIS 15709 (D.N.M. Jan. 12, 2026), and that "this Court's decision in *R[e]quejo Roman v. Castro*, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 9 at 2-3. Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States— as opposed to noncitizens detained at a border crossing or port of entry—but argue that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2.

## II.   LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause

protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

### III.   DISCUSSION

The facts of this case are materially indistinguishable from prior cases this Court has decided—such as *Requejo Roman* and *Velasquez Salazar v. Dedos et al.*, ——F.Supp.3d——, 2025 WL 2676729 (D.N.M. 2025)—involving habeas petitioners who were detained within the United States rather than at a border crossing or port of entry. "Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing." *Uribe v. Noem*, CIV. A. No. 25-1139, 2026 WL 127621, at *3 (D.N.M. Jan. 16, 2026) (footnote omitted).

The Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention and that the Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. *See* Doc. 9. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, see *Requejo Roman*.

### IV.   CONCLUSION

For the reasons stated above, Petitioner's habeas petition (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within twenty-four (24) hours of this Order and that the parties submit a joint status report to the Court **no later than April 2, 2026**, confirming Petitioner's timely release. **IT IS FURTHER ORDERED** that Respondents are **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that Petitioner is a danger to his community or a flight risk.

Petitioner may submit an application for attorney's fees within thirty (30) days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED**.

_____

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE